**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Terry Todd Starz,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>Commissioner of Social Security Administration,<br><br>　　　　　Defendant. | No. CV-19-02717-PHX-DLR<br><br>**ORDER** |

At issue is the denial of Plaintiff Terry Todd Starz's Application for a Period of Disability and Disability Insurance Benefits by the Social Security Administration under the Social Security Act (the "Act"). Plaintiff filed a Complaint (Doc. 1) seeking judicial review of that denial, and the Court now addresses Plaintiff's Opening Brief (Doc. 11, Pl. Br.), Defendant Social Security Administration Commissioner's Opposition (Doc. 14, Def. Br.), and Plaintiff's Reply (Doc. 15, Reply). The Court has reviewed the Administrative Record (Doc. 10, R.) and now reverses the Administrative Law Judge's ("ALJ") decision.

**I.   BACKGROUND**

On March 25, 2016, Plaintiff filed an application for a Period of Disability and Disability Insurance Benefits, alleging an onset date of February 9, 2016. (R. at 17.) His claim was denied initially and upon reconsideration. (R. at 17.) On February 15, 2018, Plaintiff appeared and testified at a video hearing. (R. at 17.) During the hearing, Plaintiff amended his alleged onset date to December 4, 2014. (R. at 17.) On May 7, 2018, the ALJ

denied Plaintiff's Application. (R. at 14–31.) That decision became final when the Appeals Council denied Plaintiff's request for review. (R. at 7–11.) The present appeal followed.

The Court has reviewed the evidence in its entirety and finds it unnecessary to provide a complete summary here. The pertinent evidence will be discussed in addressing the issues raised by the parties. In short, upon considering the medical records and opinions, the ALJ evaluated Plaintiff's disability based on the following severe impairments: degenerative disc disease of the lumbar spine and degenerative joint disease of bilateral shoulders. (R. at 20.)

After reviewing the evidence, the ALJ concluded that Plaintiff was not disabled through his date last insured. The ALJ found that Plaintiff "did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1." (R. at 22.) The ALJ also found that Plaintiff had the residual functional capacity ("RFC") to perform less than the full range of light work as defined in 20 CFR 404.1567(b). (R. at 22.) Specifically, Plaintiff was able to lift and/or carry 20 pounds occasionally and 10 pounds frequently; stand and/or walk for up to six hours in an eight-hour workday; and sit for up to six hours in an eight-hour workday. (R. at 22.) He could frequently, but not constantly, push and pull with his arms; occasionally crawl, and frequently balance, stoop, kneel, crouch, and climb ramps and stairs; and never climb ladders, ropes, or scaffolds. (R. at 22.) He was limited to occasional overhead reaching. (R. at 22.) He could tolerate no more than occasional exposure to unprotected heights. (R. at 22.) Based on this RFC, the ALJ concluded that Plaintiff was capable of performing his past relevant work as a still photographer and videotape editor. (R. at 26.)

## II.     LEGAL STANDARD

In determining whether to reverse an ALJ's decision, the Court reviews only those issues raised by the party challenging the decision. *See Lewis v. Apfel*, 236 F.3d 503, 517 n.13 (9th Cir. 2001). The Court may set aside the Commissioner's disability determination only if the determination is not supported by substantial evidence or is based on legal error.

*Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007). Substantial evidence is more than a scintilla, but less than a preponderance; it is relevant evidence that a reasonable person might accept as adequate to support a conclusion considering the record as a whole. *Id.* To determine whether substantial evidence supports a decision, the Court must consider the record as a whole and may not affirm simply by isolating a "specific quantum of supporting evidence." *Id.* Generally, "[w]here the evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the ALJ's conclusion must be upheld." *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002) (citations omitted).

To determine whether a claimant is disabled for purposes of the Act, the ALJ follows a five-step process. 20 C.F.R. § 404.1520(a). The claimant bears the burden of proof on the first four steps, but the burden shifts to the Commissioner at step five. *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999). At step one, the ALJ determines whether the claimant is presently engaging in substantial gainful activity. 20 C.F.R. § 404.1520(a)(4)(i). If so, the claimant is not disabled and the inquiry ends. *Id.* At step two, the ALJ determines whether the claimant has a "severe" medically determinable physical or mental impairment. 20 C.F.R. § 404.1520(a)(4)(ii). If not, the claimant is not disabled and the inquiry ends. *Id.* At step three, the ALJ considers whether the claimant's impairment or combination of impairments meets or medically equals an impairment listed in Appendix 1 to Subpart P of 20 C.F.R. Part 404. 20 C.F.R. § 404.1520(a)(4)(iii). If so, the claimant is automatically found to be disabled. *Id.* If not, the ALJ proceeds to step four, where she assesses the claimant's RFC and determines whether he is capable of performing past relevant work. 20 C.F.R. § 404.1520(a)(4)(iv). If so, the claimant is not disabled and the inquiry ends. *Id.* If not, the ALJ proceeds to step five, where she determines whether the claimant can perform any other work in the national economy based on his RFC, age, education, and work experience. 20 C.F.R. § 404.1520(a)(4)(v). If so, the claimant is not disabled. *Id.* If not, the claimant is disabled. *Id.*

### III.  ANALYSIS

Plaintiff makes three arguments for the Court's consideration: (1) the ALJ erred by rejecting Plaintiff's symptom testimony; (2) the ALJ erred by rejecting the opinion of Plaintiff's examining physician; and (3) remand for further proceedings is the appropriate remedy. (Pl. Br. at 1.) The Court finds that the ALJ erred by rejecting Plaintiff's symptom testimony and accordingly remands Plaintiff's claim for further proceedings.

While credibility is the province of the ALJ, an adverse credibility determination requires the ALJ to provide "specific, clear and convincing reasons for rejecting the claimant's testimony." *Treichler v. Comm'r of Soc. Sec.*, 775 F.3d 1090, 1102 (9th Cir. 2014) (citing *Smolen v. Chater*, 80 F.3d 1273, 1281 (9th Cir. 1996)). The ALJ may properly consider whether the record includes objective medical evidence to support the claimant's testimony, but that cannot form the sole basis for an adverse credibility finding. *Burch v. Barnhart*, 400 F.3d 676, 681 (9th Cir. 2005). The ALJ may also consider the claimant's daily activities, inconsistent statements, and course of treatment. *Id.*

The ALJ's finding that Plaintiff's treatment history is inconsistent with his alleged pain is not supported by substantial evidence. While an inadequately explained failure to seek treatment may be a proper basis for an adverse credibility finding, a claimant cannot be denied benefits merely because he cannot afford treatment. *See Orn*, 495 F.3d at 638. Here, the ALJ found that Plaintiff's treatment was "virtually nonexistent" during the relevant period. (R. at 24–25.) Despite alleging disabling pain, the ALJ found that Plaintiff did not take pain medications or muscle relaxants and did not go to physical therapy or a chiropractor. (R. at 24.) Plaintiff explained that he could not afford treatment because he did not have health insurance or an income during the relevant period. (R. at 39, 46–47.) The ALJ found this explanation unbelievable because the record does not reflect that Plaintiff exhausted free or low-cost treatment options or was refused treatment because of his inability to pay. (R. at 25.) Additionally, Plaintiff admitted to smoking a pack of cigarettes per day, which the ALJ believed to be inconsistent with Plaintiff's allegations of being unable to afford "even modestly-priced medications and other treatment." (R. at 25.)

The Court is not persuaded by the ALJ's rationale. She does not point to evidence in the record that substantiates or supports her disbelief of Plaintiff's alleged inability to afford treatment. Further, the ALJ did not sufficiently develop the record as to whether Plaintiff was unable to afford treatment. The ALJ's reliance on Plaintiff's smoking habit is not substantial evidence. Instead, the record reflects that Plaintiff was historically compliant with his prescribed treatment, took muscle relaxants and went to a massage therapist during the relevant period, and tried seeing a pain specialist but was unable to schedule an appointment. (R. at 326, 328–29, 333.) Without further development of the record, it is unclear what additional treatment was available to Plaintiff, how much it cost, and whether he could afford it. The ALJ's explanation falls short of the level of specificity required by law. *See Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1995) ("For the ALJ to reject the claimant's complaints, she must provide specific, cogent reasons for the disbelief."). Accordingly, it was error for her to reject Plaintiff's testimony because of his lack of treatment during the relevant period.

The ALJ also considered Plaintiff's work history and daily activities, but it is unclear from her decision whether she factored them into her adverse credibility finding. For example, Plaintiff reported that he was open to working but had been unable to find work within his field and would likely need additional training. (R. at 25.) The ALJ stated that she found Plaintiff's statements unpersuasive and cited 20 C.F.R. § 404.1566.[1] (R. at 25.) However, it is unclear from the ALJ's decision whether this finding impacted her credibility determination. Similarly, the ALJ considered Plaintiff's daily activities, including his personal care, household chores, and social activities, but stated that she found them "not overly persuasive." (R. at 25.) It is unclear whether Plaintiff's daily activities factored into the ALJ's credibility analysis. Without more explanation, the Court cannot meaningfully review the ALJ's findings regarding Plaintiff's daily activities and work history. Though Defendant proffers more thorough arguments about why Plaintiff's

---

[1] This statute provides that a claimant will be found not disabled if his RFC makes it possible for him to do work that exists in the national economy but he remains unemployed because of his inability to get work for various reasons.

daily activities and work history are inconsistent with his testimony (Def. Br. at 7–8), those arguments cannot replace the ALJ's insufficient explanations. *See Brown-Hunter v. Colvin*, 806 F.3d 487, 495 (9th Cir. 2015). Accordingly, the Court finds that the ALJ did not properly consider Plaintiff's daily activities and work history in making her adverse credibility determination.

The final reason the ALJ gave for rejecting Plaintiff's symptom testimony is that it was not supported by the objective medical evidence. (R. at 24.) Though this rationale is supported by substantial evidence, it is legally insufficient, alone, to reject Plaintiff's testimony. *See Burch*, 400 F.3d at 681.

In sum, the Court finds that the ALJ's rationale for rejecting Plaintiff's symptom testimony was insufficient. This, alone, is reversible error. *See Lingenfelter v. Astrue*, 504 F.3d 1028, 1040-41 & n.12 (9th Cir. 2007). Plaintiff argues that a remand for further proceedings is appropriate, and the Court agrees. Additional proceedings would be useful to properly analyze Plaintiff's work history and ability to afford treatment. Accordingly, the Court need not address Plaintiff's remaining argument that the ALJ erred by rejecting the opinion of Plaintiff's examining physician. The Court reverses the ALJ's decision and remands Plaintiff's claim for further proceedings consistent with this Order.

**IT IS THEREFORE ORDERED** reversing the May 7, 2018 decision of the Administrative Law Judge.

**IT IS FURTHER ORDERED** remanding Plaintiff's claim for further proceedings consistent with this Order.

**IT IS FURTHER ORDERED** directing the Clerk to enter final judgment consistent with this Order and close this case.

Dated this 26th day of May, 2020.

Douglas L. Rayes
United States District Judge